UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LORENZO MCMILLIAN & <br> LEACHEL MCMILLIAN <br><br> *Plaintiffs* <br><br> **VERSUS** <br><br> GEO VERA SPECIALTY <br> INSURANCE COMPANY <br><br> *Defendant* | §§§§§§§§§§§§ Civil Action No. |

**PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR JURY TRIAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs, **LORENZO MCMILLIAN & LEACHEL MCMILLIAN,** (hereinafter, "Plaintiffs"), through undersigned counsel, Balfour Emonet Law Firm, file this Original Complaint against **GEO VERA SPECIALTY INSURANCE COMPANY**, (hereinafter, "Defendant") and, in support of the causes of action asserted herein, respectfully submit to this Court the following:

**PARTIES**

1. Plaintiff, **LORENZO MCMILLIAN,** is an individual of the age of full majority who is domiciled in the Parish of Orleans, State of Louisiana. Plaintiff resides and is domiciled in this judicial district as the property is located at 2321 Comet Street, New Orleans, Louisiana 70131-3611.

2. Plaintiff, **LEACHEL MCMILLIAN**, is an individual of the age of full majority who is domiciled in the Parish of Orleans, State of Louisiana. Plaintiff resides and is domiciled in this

judicial district as the property is located at 2321 Comet Street, New Orleans, Louisiana 70131-3611.

3. Defendant, **GEO VERA SPECIALTY INSURANCE COMPANY.** was and is a foreign insurance company authorized to do and doing business in the State of Louisiana Revised Statute 13:3471 appointed Louisiana Secretary of State as its agent for service of process and can be served at 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this case under 28 U.S.C. § 1332 as there is complete diversity of citizenship between the Plaintiffs and Defendant and the amount in controversy exceeds $75,000.00.

5. This Court has personal jurisdiction over Defendant because at all times relevant it has engaged in substantial business activity in the State of Louisiana, including transacting, soliciting, and conducting business within the State of Louisiana.

6. Venue is proper in this case in the United States' Eastern District Court of Louisiana because this suit concerns real and personal property located in this judicial district and this is where a substantial part of the events took place, pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

7. Defendant insured Plaintiffs' immovable property located at 2321 Comet Street, New Orleans, Louisiana 70131-3611, under policy number GC10012580 (hereinafter, "the Policy"). This policy was in full force and effect at all relevant times and Plaintiff paid all premiums when due.

8. Hurricane Ida struck the Gulf Coast including Metairie, Louisiana, from August 26, 2021 through September 4, 2021, as a strong Category 4 hurricane.

9. Hurricane and tropical storm force winds thrashed the surrounding area in the location of the plaintiffs' insured property for several hours.

10. The Property was damaged as a result of winds associated with Hurricane Ida.

11. Defendant was notified of the loss and inspected the property, at which time Defendant had actual proof of loss sustained at Plaintiffs' insured property.

12. Defendant's inspected the property by and through its designated independent adjuster.

13. The inspection by the independent adjuster was a sufficient investigation of the claim as it fully apprised the Defendant of the nature and extent of the damages of the Plaintiffs' home thereby constituting satisfactory proof of loss pursuant to La. R.S. 22:1892. See also, *Sevier v. U.S. Fid. Guar. Co.*, 497 So.2d 1380 (La. 1986).

14. Plaintiffs have failed to receive timely correspondence or any undisputed payment reflecting the Defendant's evaluation of the claim, or in the alternative, Plaintiff has received an estimate from Defendant which misrepresented the extent and nature of the damage to the home and underestimated the amount needed to repair the home.

15. Plaintiffs fully cooperated with Defendant's claim investigation and adjustment.

**CAUSE OF ACTION: Breach of Contract**

16. Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as it fully set forth therein.

17. Plaintiffs and Defendant entered into a contract when Plaintiffs purchased and Defendant issued the Policy. The policy, at all times relevant and material to this case, provided insurance

coverage to Plaintiffs for, among other things, physical damage to the Property and contents caused by wind and hurricane conditions.

18. Defendant has failed to indemnify Plaintiff for all covered damages, despite receiving satisfactory proof of losses covered under the subject policy of insurance, and in so doing Defendant has breached its contractual obligations to timely pay the amount owed under the policy.

19. Defendant unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment of the Plaintiff's claims.

20. As the direct and proximate result of Defendant's breach, Plaintiffs have suffered actual and consequential damages in excess of Policy limits.

21. By virtue of various breaches of contract, including its failure to fully reimburse Plaintiffs for the covered losses, Defendant is liable to and owes Plaintiffs for the actual and consequential damages sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with all other damages Plaintiffs may prove as allowed by law.

## CAUSE OF ACTION: La. R.S. §§ 22:1892 and 22:1973

22. Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

23. Louisiana Revised Statute 22:1973 imposes on insurers in first party claims a duty of good faith and fair dealing which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds. Section 1973 makes a misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing.

Section 1973 also requires payment of any claim due to an insured within 60 days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

24. Louisiana Revised Statute 22:1892 obligates an insurer, such as Defendant, to pay the amount due to any insured within 30 days after satisfactory proof of loss and states that failure to make such payments subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable attorney fees and costs.

25. Louisiana law requires that an insurer unconditionally tender the amounts due an insured in order to satisfy its payment obligations under the above-referenced statutes. More than 60 days have passed since Defendant was presented with satisfactory proof of loss and Defendant still has not made an unconditional tender of the amount owed.

26. In addition to the amount of the loss owed, Defendant is also liable to Plaintiffs for a penalty of 50% of the amount due from Defendant, as well as reasonable attorney's fees and costs, based on Defendant's failure to unconditionally tender the amounts owed to Plaintiffs within 30 days after receipt of satisfactory loss because Defendant's failure to do so was arbitrary, capricious, orwithout probable cause.

27. As a result of Defendant's failure to timely pay the undisputed amounts owed, Plaintiffs have suffered and continue to suffer damages for which Defendant is liable including but not limited to mental anguish, aggravation, and inconvenience, for Defendant's misrepresentation of pertinent facts concerning the amount owed and extend of damage, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender

the amounts owed to the Plaintiffs within 60 days of receipt of satisfactory proof of loss, because that failure was arbitrary, capricious, or without probable cause.

28. In addition to actual damages for its breach of the statute, Defendant is additionally liable to Plaintiffs for a penalty on top of the actual damages of up to two times the actual damages sustained or five thousand dollars, whichever is greater.

29. Defendant is and continues to be in violation of both Louisiana Revised Statute 22:1892 and 22:1973 and is liable unto Plaintiffs for damages, statutory penalties, attorney fees, interest and costs.

## DAMAGES

30. Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

31. Plaintiffs shows that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained by Plaintiff.

32. As a result of the actions of Defendant described herein, Plaintiff is entitled to recover the following nonexclusive damages:

    a. Actual costs of repairs and remediation;
    b. Diminution of the value to the Property;
    c. Reimbursement for personal repairs of the Property;
    d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;
    e. Additional living expenses;
    f. Emergency and temporary repair expenses;
    g. Loss of use;
    h. Mental anguish and emotional distress;
    i. Actual. Compensatory, and general damages proximately caused by Defendant's reach of duties and breaches of contract;
    j. General, special, and punitive damages under LA. R.S. §§ 22:1973 and 22:1892;
    k. Reasonable attorney's fees and costs pursuant to LA R.S. § 22:1892;

l. Costs of prosecution of this action and judicial interest of all damages from the date of judicial demand until paid;
m. Costs of retaining expert witnesses including, but not limited to: public adjusters, appraisers, engineers, or other consultants; and
n. Any and all other losses that will be proven through discovery or at the trial of this matter.

## JURY DEMAND

33. Plaintiffs requests a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that Defendant be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and after the expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Plaintiffs and against Defendant in an amount that will fully and fairly compensate Plaintiff pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

RESPECTFULLY SUBMITTED:

/s/ Scott M. Emonet
SCOTT M. EMONET
BALFOUR EMONET LAW FIRM
318 St. Charles Street
Baton Rouge, Louisiana 70802
Telephone: (225) 214-4484
Facsimile: (225) 214-4487
Email: Scott@balfouremonetlaw.com

**PLEASE SERVE:**

**GEO VERA SPECIALTY INSURANCE COMPANY**
*Through its agent for service of process*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809